# Muckle, Appellant, *v.* Westinghouse Electric and Manufacturing Company.

*Contract—Buyer and seller—Principal and agent—Commissions.*

In an action to recover commissions on the sale of goods, a nonsuit is properly entered where there is nothing in the evidence to show that the defendant ever agreed to pay commissions to plaintiffs, or ever employed them as agents to make sales, the proof being that the plain-

tiffs were given by the defendant merely a qualified preferential right to sell in a particular territory, on prices furnished by defendant, to which plaintiffs added a percentage in making offers to customers.

Argued Jan. 4, 1911. Appeal, No. 122, Jan. T., 1910, by plaintiffs, from order of C. P. No. 5, Phila. Co., Sept. Term, 1906, No. 789, refusing to take off nonsuit in case of M. R. Muckle et al., copartners, trading as M. R. Muckle, Jr. & Company v. Westinghouse Electric & Manufacturing Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover commissions on sale of goods. Before RALSTON, J.

At the trial it appeared that the plaintiffs claimed to recover the sum of $14,641.30, being five per cent on the sum of $292,826 for electrical apparatus alleged to have been sold to the Philadelphia Rapid Transit Company through the plaintiffs' efforts as agents, and under an agreement by which they were to receive five per cent on the selling price. The defendant denied that it ever agreed to pay the plaintiffs any commissions on sales, or had ever employed them as agents.

Other facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Ira Jewell Williams*, with him *Simpson & Brown*, for appellants.

*Francis S. Laws*, for appellee.

OPINION BY MR. JUSTICE STEWART, February 27, 1911:
A careful examination of the evidence submitted on part of the plaintiffs leaves us in no doubt whatever as to the correctness of the ruling in the court below directing

a nonsuit. We find nothing that even tends to support the plaintiffs' contention that they were to receive from the defendant company a commission on the sale of the electrical apparatus supplied to the Philadelphia Rapid Transit Company. The agreement embodied in the letter from the defendant company, under date of January 17, 1898, addressed to the plaintiffs, and upon which the plaintiffs rely as the written contract governing the case, is not only silent as to any commissions governing sales, but it clearly establishes a relation between the parties inconsistent with agency, and which in itself excludes the idea of compensation at the expense of the defendant company, whether by commission or otherwise. We state the whole case when we say that it was not a contract of employment; the contract committed the defendant to nothing, and all it gave the plaintiff was a qualified, preferential right to sell the electrical apparatus manufactured by the defendant company within the territory embraced in the limits of the Philadelphia district, to such parties as had not theretofore, and were not then, customers of the defendant company through its established Philadelphia agency. In the exercise of this preferential privilege it was in the power of the plaintiffs in submitting its bid for any construction work where electrical apparatus, such as was manufactured by the defendant company, was to be employed, to add to the cost of the machinery whatever commissions it chose, being careful only not to make it so great as to defeat the sale. It is quite possible that still other advantages resulted to the plaintiffs by acquiring the preferential right, but it does not concern us to inquire how the plaintiffs were to be advantaged; it is enough to know that the contract contains no stipulation for employment, and none for compensation moving from the defendant. This is conclusive that neither was contemplated. Nor is there anything in the subsequent correspondence between the parties with respect to this particular sale which suggests any different understanding on the part of either. Compensation from the defendant by

commission, or otherwise, is not once referred to. From the interview, at which representatives of the different companies interested in the sale were present, including a representative of the defendant company, when the amount of the bid to the traction company was being considered, nothing can be derived which lends support to the plaintiffs' contention; nothing there said by the representative of the defendant company can be construed as an admission of defendant's liability for any compensation. On the contrary, the reply to plaintiffs' proposal to lower their bid to the traction company, by reducing their own margin, instead of recognizing a liability on the defendant for the commissions, clearly indicates that in his understanding it was a matter about which his company had no concern whatever. It is unnecessary to go further into the case. We have made sufficient reference to the evidence on which plaintiff relied for a recovery to show the correctness of the court's ruling. The nonsuit having been properly directed, there was no error in refusing to remove it.

Judgment affirmed.